THE PEOPLE ex rel. AUGUSTUS MILLER, Appellants, *v.* THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

Under the provision of the New York charter of 1873 (§ 41, chap. 335, Laws of 1873), prescribing the manner in which members of the police force may be removed, a public examination and inquiry into the truth of charges made against a member is requisite to his removal.

Charges were preferred against the relator, a member of the police force. He was dismissed by the board of police commissioners upon a written admission of the truth of the charges, and a consent to waive trial not made to, or in presence of, the board. The accused presented to the board before the day assigned for a hearing a statement under oath, in which he recanted and withdrew the admission, and revoked the waiver of trial. He also fully answered the charges and explained the circumstances under which he made the admission. His answer was corroborated by the affidavits of others. He did not appear at the time designated for the hearing. No proof was made of the genuineness of his signature to the admission except that furnished by the statement. *Held,* that relator was illegally dismissed ; that he was not estopped by the admission, the same not having been made as his answer to the charge to the tribunal having jurisdiction; that his consent to waive trial was revocable; and that the admission was not properly before the board.

*People ex rel. Miller* v. *Board of Police Commissioners* (6 Hun, 229) reversed.

(Argued November 24, 1876; decided December 5, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming the judgment and proceedings of the board of police commissioners of the city of New York dismissing the relator from the police force of said city, which proceedings were brought up for review upon *certiorari.* (Mem. of decision below, 6 Hun, 229.)

A formal charge for neglect of duty with specifications was presented, and a copy of the same, with notice of time and place of hearing, were served upon relator. Upon the notice was indorsed the following : " I hereby admit the within charge as specified and waive trial thereon," with what purported to be the relator's signature attached. Two days before the time of hearing specified in the notice, a statement made by

the relator, accompanied by the affidavits of four other persons, was presented to the board. The substance thereof and the subsequent action of the board are stated sufficiently in the opinion.

*Louis J. Grant* for the appellants. There was no competent proof on which the relator could be legally dismissed. (*Mullins* v. *People,* 24 N. Y., 399; *People* v. *Overseers of Ontario,* 15 Barb., 286, 293; 1 Greenl. Ev., §§ 328–368; 1 Phil. Ev., chap. 3; *People* v. *Smith,* 45 N. Y., 777.)

*Charles F. MacLean* for the respondent. The board of police duly acquired jurisdiction of the case of the relator. (Laws 1873, chap. 335, §§ 41, 55; *People ex rel. Clapp* v. *Department of Police,* 5 Hun, 457; *People ex rel. Cook* v. *Board of Police,* 39 N. Y., 506.) The board of police is alone competent to determine upon the seriousness of the charge to decide what was a neglect of duty. (*Dynes* v. *Hooper,* 20 How., 65.)

Allen, J. The relator, as a member of the police force of the city of New York, could only be removed by the board of commissioners after written charges had been preferred against him, and after the charges had been publicly examined into upon reasonable notice to him, and in such manner as the rules and regulations of the board of police might prescribe. (Laws of 1873, chap. 335, § 41.) Whether the board had prescribed any general rules for the government of the force or for the examination of charges against members of the force, or if so, what were the rules and regulations, does not appear. The relator was entitled to a compliance with the statute and to hold office until, after a public examination of charges made, he had been found guilty of some offence which should be deemed sufficient to warrant his removal. Charges were preferred and notice given of a time and place of hearing, as required by the statute; but there was no examination of the charges and no inquiry into their truth by

the board of police commissioners, either publicly or in private. He was dismissed upon a written admission of the truth of the charges and a consent to waive a trial, not made to, or in presence of, the board, and without proof of the genuineness of the signature, except as by the statement under oath of the accused, in which he recanted and withdrew the admission, revoked the waiver of a trial, denied and fully answered the charges, and fully explained the reason why and the circumstances under which the admission was made. The admission was not before the board with the assent or by the authority of the relator, and the second statement was an answer to the charge, and called for an examination as if the admission had never been signed. The accused was not estopped by this admission, which was not made to the tribunal having jurisdiction, as his answer to the charges, and his consent to waive a trial were revocable. The board do not profess to have acted upon the waiver, but claimed to have examined into the truth of the charges and held them proved by the admission. When the board of police convened on the day assigned for the hearing, they had before them the withdrawal of the consent to waive the examination and a demand of trial, and the verified answer of the accused, corroborated by the affidavit of every other person present on the occasion except the complainant. The accused did not appear in person or by counsel, and the board were therefore authorized to proceed and publicly examine into the charges and inquire into their truth in his absence and *ex parte*. Instead of doing this they ignored the documentary evidence before them and the revocation of the consent to waive the examination and the sworn denial of the accused, and adjudged him guilty upon a paper not legitimately before them, taking it as the answer to the charge, notwithstanding the protestation of the accused that it was not his answer and was untrue. There was no trial or examination, and the dismissal was illegal. Judge LAWRENCE has covered the case in his dissenting opinion, which obviates the necessity of any further discussion of the question. It is as important to the discipline of the force

that the trials of members upon charges should be strictly legal, as that the authority of the board, when properly exercised, should be upheld.

For the reasons assigned by Judge LAWRENCE the judgment of the Supreme Court and the order of the board of police commissioners should be reversed and the proceedings remitted for such further proceedings as may be lawful.

All concur, except FOLGER and EARL, JJ., not voting, and ANDREWS, J., absent.

Judgment reversed.