THE PEOPLE ex rel. JOHN F. CLINE, Appellant, *v.* J. HAMPDEN ROBB et al., Commissioners, etc., Respondents.

When the power of appointment to an office is conferred in general terms and without restriction and the duration of the term of office is not fixed by the Constitution or by statute, the office is held only during the pleasure of the authority making the appointment and it may remove the appointee at any time. (State Const. art. 10, § 3.)

The amendment of 1887 (Chap. 262, Laws of 1887), to the provision of the New York City Consolidation Act (§ 690, Chap. 410, Laws of 1882) giving to the commissioners of public parks of said city the power to appoint a park police, which amendment provides for the imposition of certain penalties upon conviction of specified offenses and for a deduction of pay in case of "sickness or other disability, physical or mental," is not such a restriction upon the power of removal by such commissioners as to prevent the summary dismissal of a member of such police when incapacitated from service by physical disability; nor does the omission from the amendatory act of the provision of the original act, declaring that the board might discharge members of the force at pleasure, operate to take away that power.

Where, therefore, a member of the park police, upon the report of an expert in mental diseases that he was suffering from an incurable disease of the brain and it would be unsafe to continue him as a member of such police, was dismissed therefrom by the board of park commissioners, *held,* that such action was within the power of the commissioners; that it was not necessary to prefer formal charges or to institute an inquiry in the nature of a trial thereon.

*People ex rel.* v. *Police Commissioners* (67 N. Y. 475), distinguished.

(Argued March 9, 1891; decided April 14, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judical department entered October 24, 1890,

which dismissed a writ of certiorari brought to review a deter-
mination of the board of park commissioners of the city of
New York, dismissing the relator from the position of park
policeman.

The facts, so far as material, are stated in the opinion.

*Louis J. Grant* for appellant. Park policemen have the
same right as the regular police of the city to hold their posi-
tions unless removed by due process of law. (Laws of 1882,
chap. 410, § 690; Laws of 1887, chap. 262.) It is urged that
respondents are clothed with discretionary power in cases of
" disability, physical or mental." True, but this discretionary
power is stated by the statute to relate to the penalty which
the board may impose and not to an arbitrary *ex parte* and
illegal decision as to the fact of such disability. The power
also does not extend to dismissal in such case but is only to
deduct not exceeding one-half the compensation due the accused
and convicted invalid. (*People ex rel.* v. *Robb*, 8 N. Y. Supp.
502.)

*D. J. Dean* for respondents. The board of park commis-
sioners had power to remove the relator because of his inca-
pacity resulting from physical disability. (Laws of 1887, chap.
262; Laws of 1882, chap. 410, §§ 48, 690; *People ex rel.* v.
*Mayor, etc.*, 5 Barb. 43; *Laimbeer* v. *Mayor, etc.*, 4 Sandf.
109; *People ex rel.* v. *Fire Comrs.*, 73 N. Y. 437; *Ex parte
Hennen*, 13 Pet. 230; Const. N. Y. art. 10, § 3; *Bergen* v.
*Powell*, 94 N. Y. 591; *Avery* v. *Tyringham*, 3 Mass. 177;
*Gregory* v. *Mayor, etc.*, 113 N. Y. 416; *Blake* v. *U. S.*, 103
U. S. 227.) The relator was not entitled to a trial or even an
opportunity to be heard. (*People ex rel.* v. *Fire Comrs.*, 73
N. Y. 437; *People ex rel.* v. *Thompson*, 94 id. 451; *People
ex rel.* v. *Comrs.*, 98 id. 332; *People ex rel.* v. *Comrs.*, 93 id.
97.) The grounds of removal in the present case are such that
any provisions with respect to preferring a charge or allowing a
trial to the person intended to be removed are inapplicable.
(*Phillips* v. *Mayor, etc.*, 88 N. Y. 245; *Langdon* v. *Mayor,
etc.*, 92 id. 427; *People ex rel.* v. *Comrs., etc.*, 98 id. 332.)

O'BRIEN, J.   The relator was a member of the park police in the city of New York, which is a special force, organized by statute and under the exclusive control of the board of park commissioners, for the sole purpose of preserving order in the Central park and the other public parks in the city.   On the 23d of October, 1889, the board was advised by its surgeon that the relator, then on the sick list, was suffering from mental disease.   The surgeon also suggested to the board that the relator should be examined by some expert in such diseases, in order that his fitness for the performance of police duty in the parks might be determined.   The board caused such an examination to be made, by an eminent expert in mental diseases, who reported that, in his opinion, it would be unsafe to continue the relator on the park police force, as he was suffering from " organic and progressive disease of the brain of an incurable character."   On being informed of this fact, the board, on November 9, 1889, passed a resolution removing the relator from the force and dropping his name from the roll.   The resolution specifying the cause of removal was entered in the minutes of the proceedings of the board.   The relator procured a writ of certiorari to review the action of the board in dropping his name from the roll of park policemen.   The General Term dismissed the writ, and from that order the relator appeals to this court.   It is urged, in support of the appeal, that the action of the board in dismissing the relator was illegal, as there was no trial or statutory investigation or opportunity given to the relator to be heard.   With respect to the tenure or duration of a public employment, such as the relator had at the time of his dismissal, the general rule is that where the power of appointment is conferred in general terms and without restriction, the power of removal, in the discretion and at the will of the appointing power, is implied and always exists, unless restrained and limited by some other provision of law. (*People ex rel. Sims* v. *Fire Commissioners,* 73 N. Y. 437; *Bergen* v. *Powell,* 94 id. 591; *Ex parte Hennen,* 13 Pet. 239; *Laimbeer* v. *Mayor, etc.,* 4 Sandf. 109; *Avery* v. *Inhabitants of Tyringham,* 3 Mass. 177; *Blake* v. *U. S.,* 103 U. S.

227; *People ex rel. Keech* v. *Thompson*, 94 N. Y. 451; *People ex rel. Moore* v. *Mayor, etc.*, 5 Barb. 43.) This general rule was embodied in the Constitution of this state in the following language : " When the duration of any office is not provided by the Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment." (Art. 10, § 3.)

The numerous cases to be found in the books in which this court has reviewed the action of the police commissioners of the city of New York, in dismissing members of the general police force, has no application to this case. The police department and the general police force of the city of New York is organized and exists under a series of statutes, passed from time to time, and now collected in chapter 8 of the Consolidation Act. (Laws 1882, chap. 410, §§ 250, 314.) These statutes confer power upon the board of police commissioners to enact rules and regulations for the government of the force. The powers and privileges of the members of the force are enumerated and specified. Provision is made for a pension fund for the benefit of the families of such members of the force as die from injuries in the service and for the benefit of the members themselves when disabled in the service or upon retirement after a certain period of service, upon the conditions specified in the statute. The members of this force cannot be dismissed at the will of the appointing power, because the power of removal in such case is expressly restrained by statute. The legislature has enacted that " Members of the police force shall be removable only after written charges shall have been preferred against them, and after the charges have been publicly examined into, upon such reasonable notice to the person charged, and in such manner of examination as the rules and regulations of the board of police may prescribe." (Laws of 1882, chap. 410, § 272.) It is by virtue of this provision of the statute, concerning the organization and government of the general police force, that a member thereof is entitled to a hearing, in the nature of a trial, upon written charges and a review of the action of the police

board by the courts. (*People ex rel. Miller* v. *Police Commissioners*, 67 N. Y. 475.)

These provisions of law, however, do not apply to the relator, as the park police derive their appointment, powers and privileges from another statute, to which we must look for the relator's right to question the action of the board of park commissioners in dropping his name from the roll.  The first legislation authorizing the appointment of park policemen, is found in chapter 290 of the Laws of 1871, section 6.  Power was there given to the commissioners of public parks to organize and appoint this force, to consist of such number of men as the board might, from time to time, deem necessary to preserve order in the public parks of the city.  It was expressly provided that the force should be under the exclusive control and direction of the board and might be, in whole or in part, discharged at pleasure.  Each member of the force was invested by his appointment with the same powers, within the limits of the public parks, as if he had been appointed to a similar rank in the force of the police department of the city, and might be allowed compensation by the board equal to that allowed to members of the general police force.  Whenever, in the judgment of the commissioners, an additional force for the preservation of order in and about the parks, became necessary from special circumstances, the board was authorized ·to appoint such additional force temporarily. The provisions of the act of 1871, in regard to the park police, is now section 690 of the Consolidation Act.  In this statute the power of removal by the board of park commissioners, which was the appointing body, was not .only left without limitation or restriction, but it was expressly enacted that the board might discharge any member at pleasure.  The power of the ·board under this statute, to dismiss any member of the force at its will, and pleasure cannot be questioned.  Section 690 of the Consolidation Act which, as we have seen, contained all the provisions of law concerning the appointment, removal, powers and duties of the park police, was amended by chapter 262 of the Laws of 1887, and it is under this statute that the right of

the relator to retain his place on the force, until removed upon
charges and after a hearing is claimed.   Upon a careful read-
ing of this statute, we think it is scarcely possible to reach the
conclusion that any power previously existing in the board in
regard to the removal of the members of the force was in
any way curtailed or restricted.   It is true that the provision
found in the original act, to the effect that the board might
discharge members of the force at pleasure, was omitted in
the amendatory act of 1887.   But this provision was never
necessary to the exercise of the power of dismissal by the
board.   The absolute power of appointment carried with it
the power to dismiss, in the absence of some provision limiting
such power by express words or necessary implication.   The
words of the statute permitting dismissals from the service at
pleasure added nothing to the power of the board in that
regard, and the omission of these words from the act of 1887
does not operate to take away any power which the board had
before.   The object of the amendment of 1887 was to confer
additional powers upon the board, and not to take away
powers that existed before.   The board was empowered to
discipline and punish the members of the force for certain
specified offenses by reprimand, forfeiture of pay, with certain
limitations, suspension without pay, or dismissal.   The com-
missioners were also empowered, in their discretion, to deduct
or withhold pay, salary or compensation from any member of
the force, for or on account of absence for any cause without
leave, lost time by reason of sickness or other disability, pro-
vided, however, that the pay, salary or compensation so
deducted should not, except in case of absence without leave,
exceed one-half thereof.   The amendment was intended to
enable the board to enforce discipline in the force through a
system of rewards and punishments, a power that, as was sup-
posed, did not exist before, and it may very well be that a
member of the force could not be thus disciplined or punished
without an opportunity to be heard.   The legislature evi-
dently was of the opinion that the efficiency of the force
would be improved by conferring power upon the board to

punish the members of the force for certain offenses by withholding pay, or by reprimand or dismissal from the service entirely; but by granting this disciplinary power the legislature did not take away or limit the absolute power of appointment and removal at pleasure that the board previously possessed. The statute confers upon the board of park commissioners very extensive and important powers and duties for the purpose of securing the efficient management and care of the parks. It would be a very narrow construction of the statute to hold that the board does not possess the power to dismiss a policeman for mental or physical incapacity to perform the duties of the place without the delays and formalities of written charges and a public trial or investigation in order to settle the question whether such incapacity in fact exists. The incapacity may be perfectly apparent, and the necessity for prompt and immediate action urgent, and yet, if the contention of the learned counsel for the relator is to prevail, the board is without power to dismiss a member of the force who has become incompetent, and even dangerous, by reason of mental afflictions. It is supposed that the citizens comprising the board of park commissioners will exercise the power of dismissal from the service only in the public interest, and when such a course is demanded by the circumstances and urgent necessity of the particular case, and always with fairness and justice to the members of the force. We think that the action of the board, with reference to the relator, was within the powers conferred by the statute. In such a case it was not necessary to prefer formal written charges or to institute an inquiry in the nature of a trial thereon. The board had the power to act upon its own knowledge of the situation or upon such information as it acquired from the report of its own surgeon and the expert to whom the question was referred. The order of the General Term should, therefore, be affirmed.

All concur.

Judgment affirmed.