CHARLES H. ARMATAGE, Respondent, *v.* JOSEPH FISHER and Others, Appellants.

*Removal of the president of the common council of Albany — injunction, instead of certiorari or quo warranto — rules applicable, pending the adoption and alteration of the rules of the common council — term of office of the president.*

An action brought for the purpose of obtaining an injunction to restrain members of the common council of a city from taking steps to remove the plaintiff from the office of president of the common council, in alleged violation of law, is not open to the objection that the proper remedy is by certiorari, when at the commencement of the action the plaintiff has not been actually removed from his office, as, under the Code of Civil Procedure, a writ of certiorari cannot issue until the final determination of the body to which it is directed.

Nor in such a case, as the plaintiff is still president and no other person has been appointed to his place, is relief obtainable by an action in the nature of quo warranto.

*Semble,* that when the papers in such an action for an injunction show that the defendants, as members of the common council, without authority of law, are proceeding to remove the plaintiff from his office of president, a case is established in which equitable interference by a temporary injunction is proper, on the ground that the plaintiff is about to suffer irreparable injury.

In an action brought to enjoin the alleged illegal proceedings of the defendants, constituting a majority of the members of the common council of the city of Albany, in attempting to remove the plaintiff from the office of president of that body, which right of removal was by the defendants claimed to exist under an alteration of rule 33 of the common council, made on June 5, 1893, by a mere majority vote, it was claimed by the plaintiff that such alteration was illegal because in violation of rule 34, alleged to have been then in force, which provided that no rule of the council should be altered, suspended or rescinded, except by a two-thirds vote, or on a specified notice.   On an application for an injunction *pendente lite* it appeared that the plaintiff, as president, had appointed a committee to report rules; that at the time of such appointment it was resolved that the rules of the last board, of which rule 34 was one, be adopted until the committee should report; and that the committee reported the new rules on June 5, 1893, before the change was made in rule 33.

*Held,* that rule 34 was not in force when the change in rule 33 was made, there being then no rules in force ;

That in the absence of any rule or statute to the contrary, the common council could by a majority vote adopt new rules, and that the transaction of June 5, 1893, was not an amendment of existing rules, but the adoption of new rules, none being in force at that time.

The change made in rule 33 consisted in inserting therein a provision that in case of charges preferred against the president of the common council, a committee of investigation should be named and appointed by the common council.

*Held,* that the insertion of this provision was in effect the making of a new rule, and, hence, that it was doubtful whether the same was within the prohibition of rule 34 against altering, suspending or rescinding a rule as it existed prior to the report of the committee on rules, even if rule 34 should be deemed to have been in force at the time in question;

That the rules adopted by the common council of a municipal body are not ordinances, and, hence, that the transaction of June 5, 1893, adopting new rules of the common council, was not prohibited by the provision of the charter of the city of Albany (Laws of 1883, chap. 298 of title 3, § 34) which prescribes that no ordinances shall be adopted and no by-laws rescinded or repealed except by a two-thirds vote;

That as neither the city charter nor rule 33 as in force on and prior to June 5, 1893, applied to the removal of the president of the common council, there was, at the time charges were preferred against the plaintiff, no statute or rule providing for the procedure to be adopted by the common council in such a case, unless the new rule 33 was in force;

That if the defendants had the power to remove the president, they could do so as well without the adoption of a rule as after it; and that it was not important whether the new rule 33 was properly adopted or not;

That as it was within the power of the common council to remove the president, and it was not essential that it should enact before the trial of the charges against him, a rule or rules as to the procedure to be adopted, the proceedings so far as they had gone appearing to have been fairly conducted, the action to restrain such proceedings could not be maintained.

The charter of the city of Albany, as amended by section 3 of chapter 286 of the Laws of 1891, provides that the common council " shall biennially elect a president" from its own body, and biennially appoint a clerk, and that the clerk shall hold his office for two years;

*Held,* that the absence of a provision determining the period for which the president should hold his office did not indicate an intention that he should hold it for two years, the same as the clerk, but rather indicated a contrary intention ;

That the words "shall biennially elect" were not intended to fix the term of office;

That the duration of the office of president held by the plaintiff, not being provided for by the Constitution or statute, the office was held during the pleasure of the common council ;

That the common council, having the power to appoint its president, was to be deemed to have the right to remove him, at least for cause;

That in the absence of any statutory prohibition, a majority of the common council could, in a proper case, remove the president as well as appoint him;

And that the court could not by injunction restrain the defendants, a majority of the common council, in their action in a matter so within their jurisdiction and in which they appeared to be proceeding in an orderly manner.

APPEAL by the defendants, Joseph Fisher and others, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Albany county on the 29th day of July,

1893, enjoining and restraining the defendants *pendente lite* from acting upon any report of the committee theretofore appointed by the common council of the city of Albany, to hear and to report upon charges alleged to have been preferred before that body against the plaintiff, Charles H. Armatage, in such wise as to remove the said Charles H. Armatage from his office and position of president of the said common council, or otherwise interfering with the said Charles H. Armatage in the execution of his duties as president of the common council, etc.

By section 3 of chapter 286 of the Laws of 1891, it is provided:

" The common council shall biennially elect a president from its own body, and in his absence a president for the time being, and biennially appoint its clerk, who shall receive a salary of twenty-five hundred dollars per annum, payable monthly, and who shall perform such duties as may be prescribed for him. The clerk so appointed shall also be the city clerk and hold his office for two years unless removed for cause and by consent of the common council."

*John A. Delehanty,* for the appellants.

*G. L. Stedman,* for the respondent.

PUTNAM, J. :

The plaintiff claims that the defendants, as members of the common council of the city of Albany, on June 5, 1893, illegally altered rule 33 as previously adopted, and under said rule, as so altered at the time the action was commenced, in violation of law, were proceeding to remove the plaintiff from his office of president. An order was made granting a temporary injunction restraining the defendants during the pendency of the action from taking any steps towards removing the plaintiff from his said office, from which said order the appeal was taken.

It is conceded in the respondent's brief that the object of the injunction was not to restrain the removal of the plaintiff as a member of the common council, which under the statute and rules can be done, and only done, by a vote of two-thirds of the members of said council. The object is to prevent his removal as president, the defendants claiming that he can be so removed by a majority vote.

It is alleged by appellants that plaintiff's remedy, if any, for the alleged violation of law by the defendants, is by writ of certiorari under the provisions of the Code of Civil Procedure (§ 2140). This position would probably be well taken had the defendants at the time the action was commenced actually removed the plaintiff from his office. But a writ of certiorari cannot issue until the final determination of the body to whom the writ is directed. When the. action was commenced, therefore, plaintiff could not have resorted to this remedy.

Nor could the plaintiff have obtained relief by an action in the nature of quo warranto. Plaintiff is yet president. No other person has been appointed to his place. This case is not like that of *Johnston* v. *Garside* (20 N. Y. Supp. 327) and kindred cases. The object of the action is to prevent the removal of the plaintiff and the appointment of another person in his place. It is to prevent a state of affairs which, if brought about, would probably render an action in the nature of quo warranto proper.

If in this case the papers show that defendants, as members of the common council of the city of Albany, without authority of law, are proceeding to remove plaintiff from his office of president, we are inclined to think they show that plaintiff is about to suffer an irreparable injury. The loss of the office may be deemed such. We are, therefore, not prepared to say that if the proposed action of defendants as to removing the plaintiff was or is without jurisdiction, this equitable action cannot be maintained, or that the temporary injunction was improperly granted.

We proceed, therefore, to consider the alleged illegal acts of defendants, as stated in the complaint and papers before us.

It is claimed that on June 5, 1893, while rule No. 34 was in force, providing that "No rule of this council shall be altered, suspended or rescinded except by a two-thirds vote of all the members elected, and no motion to alter, suspend or rescind any (such) rule shall be in order without the unanimous consent of the council, unless notice thereof shall have been given at the previous regular meeting, and no motion to suspend shall embrace more than one rule, or relate to any other subject than the one specified in said motion," the defendants, by a majority vote only, and without any notice having been given at a previous meeting, assumed to alter

and amend rule 33 in violation of the provisions of law, and of rule 34 (*supra*).

The original rule was as follows, except the part in italics, which part contains the amendment or alteration alleged to be unlawfully made: " 33. When any member of the common council shall be charged (which charge shall be in writing and presented at a meeting of the common council) ·with any violation of any law or ordinance of said city, or resolution, rule or regulation of said council, the matter shall be referred at said meeting to a committee of investigation of not less than five. *In case the charge is preferred against the president of the common council such committee shall be named and appointed by the vote of the common council; except in case the committee is named by the common council,* the member (charged) shall have the right to object to not more than two members named on said committee, and the member complaining or charging shall have the same privilege, and other members shall be appointed to fill the vacancies thus created. The member charged shall be served with a copy of said charges and notice when said committee shall hear the same (at said time), or the time or times to which it shall be adjourned (shall) *to* examine the same, and *of when it* shall report to the council. · When the report of any committee of investigation shall be considered the council may order a secret session for that purpose."

It is urged by plaintiff that rule 33 could not, on June 5, 1893, be changed as above except by a two-thirds vote and after notice of the proposed change had been given at a previous meeting, as provided by rule 34, then in force.

We doubt whether this position is well taken. It appears by the affidavit of Craven, the clerk of the common council, that on May 3, 1892, when the plaintiff was elected president, he appointed three persons to report rules for the transaction of the business of the board, and it was then resolved that the rules of the last board be adopted until said committee reported. Said committee reported on June 5, 1893, and before the change was made in rule 33. Therefore, when the change was made rule 34 was not in force. There was then no rule. In the absence of any rule prohibiting such a course it is clear that the common council could by a majority vote adopt new rules, unless prohibited by statute. Therefore, the trans-

action of June 5, 1893, was not an amendment of the rules but the adoption of new rules, none being then in force.

The allegation in the complaint that "certain rules of order of the common council were and have been in force" is an allegation of a legal conclusion and not a statement of facts, and hence not admitted in the demurrer. There was no allegation that such rules were ever enacted by the common council. The defendants could, therefore, on the motion for an injunction, prove the resolution that was in fact passed in regard to the adoption of the old rules and the facts as to the adoption of the new ones.

It is doubtful whether rule 34, as existing prior to the report of the committee, if deemed in force at the time in question, prohibited the making of an additional *new rule* except by vote of two-thirds of all the members of the common council and unless notice should have been given at a previous meeting. The prohibition is against *altering, suspending or rescinding*. The so-called altera-tion leaves the original rule in force. It makes a provision for a case not provided for in the former rule. The alteration is in fact a new provision, which might have been contained in a new or separate rule, and which does not alter, suspend or rescind the provisions of rule 33 as in force on or before June 5, 1893.

The transaction of June 5, 1893, was not, we think, prohibited by section 34 of title 3, chapter 298, Laws of 1883, providing that no *ordinances* shall be adopted, and no by-laws rescinded or repealed, unless by a two-thirds vote. The rules adopted by a legislative or municipal body cannot be deemed ordinances. Such bodies adopt rules for their guidance in making ordinances or laws. A rule is defined to be "the regulation adopted by a deliberative body for the conduct of its proceedings."

The word "ordinance," as applicable to the action of a municipal corporation, should be deemed to mean the local laws passed by the governing body. The Legislature of the State passes laws and makes rules for the government of its procedure. So a municipal corpo-ration passes laws called "ordinances" and enacts rules. The same distinction that exists between laws and rules made by the Legisla-ture should be held to exist between ordinances and rules enacted by a municipal corporation.

We, therefore, incline to the opinion that the defendants did not

do an illegal act in making new rule No. 33 by a majority vote, and without previous notice, there being no statutory or other prohibition against the act.

But assuming that our views above stated are erroneous, and that the new rule, so far as it alters or adds to the old one, was enacted without authority, and that in fact the old rule No. 33 is in force unchanged, it remains to be seen in what regard the plaintiff is injured by the illegal action of defendants.

It requires no argument to show that if plaintiff's only grievance was the alleged unlawful enactment of the new rule 33, and defendants, after such enactment, have done no act in violation of plaintiff's rights, this equitable action could not be maintained. In that case plaintiff's remedy, if any, would be by a certiorari. It will not be claimed that this court should, by injunction, restrain the action of a municipal corporation in the adoption of rules whether such rules are regularly enacted or not. But the position of plaintiff is that defendants have not only made the new rule, but *under and by virtue thereof* they are proceeding to remove plaintiff. The assumption is that without the rule the removal would not take place.

As we have seen, the injunction is not sought to prevent the removal of plaintiff as a member of the common council, but to restrain the action of the defendants looking to his removal as president. Neither section 3 of chapter 286, Laws of 1891, amending section 7 of title 3 of the act of 1883, nor rule 33, as in force on and prior to June 5, 1893, apply to the removal of the president. Hence, at the time the charges were preferred against plaintiff there was no statute or rule providing for the procedure to be adopted by the common council in such a case, unless the new rule 33 was in force.

Assuming that the common council has, in any event, power to remove the president, we are unable to see that any rule as to the course of procedure was necessary to be adopted prior to such removal. In other words, if the defendants have the power to remove the plaintiff, they can do so as well without the adoption of a new rule as with it. It is true that section 3 (*supra*) gives the common council the right to determine the rules of its own procedure, but it is not bound to establish general rules of procedure, and

the failure to make such general rules does not invalidate its action if otherwise legal. Doubtless, on the charges against the president being preferred, the common council should furnish him with a copy of the same, notice of the hearing thereon before the board or its committee, and an opportunity to examine and cross-examine witnesses, and to offer evidence on his own behalf, as was done in this case. The proceedings before the committee after the charges were made seem to have been fairly conducted; plaintiff appears to have had a reasonable opportunity to protect himself, appearing by counsel and cross-examining witnesses produced by the defendants.

Therefore, as the proceedings of the defendants, based on the charges made against plaintiff, were as much authorized without a previous rule establishing the course of procedure as if such a rule had been adopted, it is not important whether the new rule 33 was properly adopted or not.

Hence, if it was in the power of the common council to remove the president, it not being essential that it should enact before the trial of the charges against him a rule or rules as to the procedure to be adopted, and as the proceedings as far as they have gone appear to have been fairly conducted, this action to restrain such proceedings cannot be maintained.

The real question in the case, then, is whether the common council have or have not the right to remove the president at pleasure or for cause, and if so, whether he can be removed by a majority vote. In this case the removal is sought for cause. As we have suggested, if such a removal is beyond the power of defendants it may be a proper case for a court of equity to grant an injunction restraining an act which it might be deemed would produce irreparable injury by depriving him of his office. And in that event a temporary injunction was properly granted.

By section 3, chapter 286, Laws of 1891 (*supra*), it is provided that the common council shall biennially elect from its own body a president, etc. The plaintiff insists that this language indicates a legislative intent that the term of one elected to such office shall be two years, or the same time as the clerk and the members of the common council. We think the statute rather indicates a contrary intent. It provides that the aldermen shall be elected for two years, and that the clerk shall hold his office for the same period. If it

was the intent that the president should hold his office for two years also, the act would doubtless have so provided. The absence of a provision in the statute determining the period of time for which the president shall hold his office we think indicates a contrary intent to that suggested by respondent. In *People ex rel. McCann* v. *Kilbourn* (68 N. Y. 479) the Court of Appeals has determined that the words "shall biennially appoint," relate to the time when the appointment shall be made and were not intended to fix the term of office of the appointee.

We, therefore, incline to agree with the view of the appellants that the duration of the office held by plaintiff, not being provided for by the Constitution or by statute, is held during the pleasure of the common council. (See Const. art. 10, § 30; *People* v. *Mayor of New York*, 5 Barb. 43, 46, 47; *People ex rel. Sims* v. *The Fire Com.*, 73 N. Y. 437; *People ex rel. Cline* v. *Robb*, 126 id. 180.)

The common council having the power of appointment should also have the power of removal. Such a power seems necessary. A president, after his appointment, might become entirely incompetent, insane, unable to perform the duties of his office. It is reasonable that the body that made the appointment should have the right to remove the appointee, at least, for cause, as the defendants are seeking to do in this case.

A *majority* of the common council can elect a president, and, unless prohibited by some statute, can generally pass any resolution for the government of the corporation. So, in the absence of any statutory prohibition, we think a majority can in a proper case remove the president as well as appoint him. The acts of 1883 and 1891 require a two-thirds vote to remove a member of the board, but are silent on the subject of the removal of the president. It would seem to follow that the majority of the board of aldermen, who, unless prohibited by statute can enact any resolution, in the the absence of any prohibition in that regard, can legally make such removal.

When the action was commenced, therefore, the aldermen on the charges preferred against the plaintiff were proceeding to investigate the same. They had appointed a committee of five, before whom plaintiff appeared with his counsel. Much evidence was taken, and the papers show that the committee had returned the evidence to

the board without any recommendation. We think the board had the legal right to investigate such charges, and the right, if the evidence sustained them, to remove the plaintiff. To what conclusion they will come and whether they will reach such conclusion by a majority or a two-thirds vote it is impossible to say. Whether the evidence established the charges is not for us to determine. The question for us to consider is whether the common council had jurisdiction to remove the plaintiff for cause or otherwise. As they have that power, whether new rule 33 was properly adopted or not, we cannot, by injunction, restrain their action in a matter so within their jurisdiction, and in which they appear to be proceeding in an orderly manner.

Other questions are raised in the case which we deem unnecessary to discuss.

Our conclusion is that the order should be reversed, with costs and disbursements, and the motion for an injunction denied, with costs.

HERRICK, J., concurred.

Order reversed, with ten dollars costs, with printing and other disbursements, and motion denied, with ten dollars costs.