■ GERARD C. GRANDE, Appellant-Respondent, v CHRISTINA L. GRANDE, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals from so much of a judgment of the Supreme Court, Westchester County (Martin, J.), dated February 3, 1986, as awarded the defendant wife a distributive share of the marital assets in the amount of $7,500, and (2) the defendant wife cross-appeals from so much of the same judgment as distributed the marital assets following an inquest taken upon the striking of her answer and counterclaim for failure to comply with certain orders compelling her to comply with discovery demands.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court,

Westchester County, for a new inquest as to the economic issues only; and it is further,

Ordered that the defendant shall be precluded from offering proof at the inquest and shall be limited to cross-examination of the plaintiff's witnesses unless (1) the defendant appears for an examination before trial upon written notice of not less than 10 days, or at such time and place as the parties may agree, and produces at or before such examination the financial records heretofore requested by the plaintiff, and (2) within 30 days after service upon her of a copy of this decision and order, with notice of entry, the defendant furnishes to the plaintiff the duly signed and notarized minutes of the partial deposition taken on January 10, 1985.

The defendant wife refused to comply with multiple disclosure orders. As a result, Special Term directed that her answer and counterclaim be stricken and the matter set down for inquest (see, CPLR 3126; Domestic Relations Law § 236 [B] [4]). Although no order was issued precluding the defendant from offering proof at the inquest, the trial court barred counsel for the defendant, over objection, from taking any part in the inquest proceedings. This was error (see, Napolitano v Branks, 128 AD2d 686). Assuming, arguendo. that an órder precluding the defendant from offering proof at the inquest may have been warranted in this case (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 571-574; Reed v Reed, 93 AD2d 105, 108, appeal dismissed 59 NY2d 761), the circumstances did not justify denying the defendant the right to cross-examine the plaintiff's witnesses.

Accordingly, a new inquest must be held, prior to which the defendant shall have a final opportunity to disclose the requested materials insofar as they relate to the economic issues, and to appear for an examination before trial (see, Reynolds Sec. v Underwriters Bank & Trust Co., supra, at 573-574). Should disclosure not be forthcoming, the appropriate remedy in this case is to preclude the defendant from offering proof at the inquest.

Because of our determination on the cross appeal, the issue raised by the plaintiff's appeal need not be addressed. We note that the plaintiff's contention that the default judgment is not appealable by the defendant is without merit, as she may, on appeal from such a judgment, have review of matters which were the subject of contest in the trial court (see, James v Powell, 19 NY2d 249, rearg denied 19 NY2d 862; Katz v Katz,

68 AD2d 536, 540-541). Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.