■ In the Matter of NEW HAVEN PLAZA ASSOCIATES. ANTHONY ALIZIO et al., Appellants, v PETER PERPIGNANO et al., Appellants, and REAL II ASSOCIATES, Respondent.—In a proceeding seeking the judicial dissolution of the New York limited partnership known as New Haven Plaza Associates, the petitioners and Peter Perpignano, Joseph Macagnone and Peter Robert Perpignano separately appeal from stated portions of a judgment of the Supreme Court, Nassau County (Brucia, J.), entered August 13, 1985, which, *inter alia,* after a nonjury trial, directed that the petitioners-appellants and the respondents-appellants tender their respective resignations as general partners in New Haven Plaza Associates.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the respondent payable by the petitioners-appellants and the respondents-appellants appearing separately and filing separate briefs.

The petitioners-appellants and the respondents-appellants were the general partners in New Haven Plaza Associates (hereinafter NHPA). In or about September 1980 the general partners transferred 80% of their combined interest in NHPA to the limited partner Real Estate Associates Limited II (hereinafter Real II). The partnership was formed for the purpose of constructing and operating a low-income housing project financed by a mortgage insured by the Federal Government. Peter Perpignano was designated as the manager of the project.

In March 1982 the petitioners brought a proceeding seeking dissolution of the partnership. They asserted that Peter Perpignano had materially breached his fiduciary duties to the partnership, *inter alia,* by mismanaging the project, causing excessive expenditures and commingling tenants' security deposits with other funds. Peter Perpignano, Joseph Macagnone and Peter Robert Perpignano (hereinafter the Perpignano faction), submitted an answer denying the material allegations of the petition. Real II also denied the allegations but interposed several affirmative defenses, including that the limited partnership agreement provided for the "mandatory retirement" of all general partners if one of them materially breached the agreement.

Following a nonjury trial concerning the allegations of misconduct, Justice Brucia found that Peter Perpignano had breached his fiduciary duty to the partnership. In view of these acts of misconduct, the trial court held that "mandatory retirement" of all general partners was the appropriate remedy. On appeal, the general partners contend that the trial court's findings did not support invocation of the mandatory retirement provision. We disagree.

Paragraph 8.3 of the limited partnership agreement provides, *inter alia,* that the general partners must tender their resignations if any of them commit "[a]ny material breach" of their duties or obligations under the agreement. The Supreme Court, Nassau County, found that Peter Perpignano breached his fiduciary duty to the partnership by causing repayment of a loan to NHPA through a related company. In view of this material breach of Perpignano's fiduciary duties, the court did not err in invoking the mandatory retirement provision. Moreover, inasmuch as the breach of fiduciary duties by one general partner is necessarily imputed by the agreement to all, the Supreme Court correctly mandated that the Perpignano faction, as well as the petitioners, submit their respective resignations to Real II.

We have examined the parties' remaining contentions and conclude that they are without merit. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.