(September 23, 1991)

■ ANTHONY ALIZIO, Plaintiff, and JOSEPH ALIZIO, Appellant, v PETER PERPIGNANO, Doing Business as TRIBORO MANAGEMENT COMPANY, Respondent.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff Joseph Alizio appeals (1) as limited by his brief, from so much of an order and judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 23, 1988, as granted the defendant's motion for summary judgment dismissing the complaint, insofar as it is asserted on his behalf, and (2) from so much of an order of the same court, entered December 14, 1988, as denied his motion for renewal.

Ordered that the order and judgment entered May 23, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 14, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs Anthony Alizio and Joseph Alizio, the defendant Peter Perpignano and others were general and limited partners in several New York limited partnerships formed for the purpose of constructing, owning and operating low-and moderate-income housing projects eligible for Federally insured mortgages. Each of the projects was regulated by the Federal Housing Administration and the United States Department of Housing and Urban Development (hereinafter HUD). The defendant was designated as the managing partner of each of the partnerships. In his capacity as managing partner, the defendant retained a separate entity, Triboro Management Company (hereinafter Triboro), to manage each of the completed housing projects for a fee. The management agreements regulated by HUD provided for payment of a monthly fee to Triboro for managing each housing project which was set at 6.5% of the gross rents generated by the project during the preceding month. One of these projects was New Haven Plaza Associates (hereinafter NHPA).

On October 7, 1980, the defendant, in the name of Triboro, entered into a written fee-sharing agreement with the plain-

tiffs and others. The agreement provided, *inter alia,* that each of the plaintiffs would receive a 1/12 share of the total management fees collected by Triboro from certain limited partnerships. In paragraph EIGHTH thereof, the agreement was made subject and subordinate to "the Amended and Restated Agreement of Limited Partnership of New Haven Plaza Associates". On the same date, the parties entered into an agreement to sell their tax shelter in NHPA to a California limited partnership known as Real Estate Associates Limited II (hereinafter Real II), while retaining their general partnership status therein.

In April 1981 counsel for Triboro forwarded checks drawn on Triboro's account to each of the plaintiffs advising them that those checks were to be considered payment for consultation services rendered to Triboro rather than payment under the fee-sharing agreement because the plaintiffs failed to obtain the signatures of the remaining partners on the projects on the consent page attached to the fee-sharing agreement. That failure, Triboro contended, rendered the agreement executory only.

The plaintiffs commenced the instant action alleging that the defendant had breached the fee-sharing agreement by failing to make distributions to them of the management fees as provided thereunder. In their first cause of action the plaintiffs sought specific performance of the fee-sharing agreement and an accounting of the fees due and owing. The second cause of action sought a judgment declaring the fee-sharing agreement to be valid and binding according to its terms. In their third cause of action, the plaintiffs sought recovery of damages predicated upon the defendant's fraud and deceit in inducing them to transfer the NHPA tax shelter to Real II by representing that he would be bound by and perform pursuant to the terms and provisions of the fee-sharing agreement which representation he knew to be false.

In his answer, the defendant alleged as an affirmative defense that the fee-sharing agreement was not enforceable because all of the partners in each of the limited partnerships had not given their consent to it and that such consent was a condition precedent to enforceability of the agreement.

After issue was joined, the defendant moved for summary judgment dismissing the complaint. He contended that prior written approval from HUD was a condition precedent to the enforceability of the fee-sharing agreement and, therefore, the first and second causes of action in the complaint based upon

the fee-sharing agreement must be dismissed. He further alleged that a second condition precedent to enforcement of the agreement was obtaining the signatures of consent of all the partners to the limited partnerships. With respect to the third cause of action, the defendant contended that it should be dismissed for failure to meet the specificity requirements of CPLR 3016 (b) but, in any event the plaintiffs were collaterally estopped from litigating the issue as it had been previously decided adversely to them in a separate proceeding for judicial dissolution of NHPA *(see generally, Matter of New Haven Plaza Assocs.,* 134 AD2d 596).

The Supreme Court granted the defendant's motion for summary judgment. In dismissing the first and second causes of action, the court held that the fee-sharing agreement was unenforceable because the consent page of the agreement had not been executed by the remaining partners. It further concluded that because the plaintiffs were seeking to retain the benefits of the fee-sharing agreement, they were acting in contravention of the partnership agreements. Lastly, the Supreme Court found that the parties understood the fee-sharing agreement was conditioned upon obtaining the written consent of the remaining partners.

The Supreme Court properly determined that the consent of the other partners to the limited partnership agreements was required as a matter of law. All partners are fiduciaries of one another and, as such, they owe a duty of undivided loyalty to the partnership's interests *(see, e.g., Birnbaum, v Birnbaum,* 73 NY2d 461, 466; *Meinhard v Salmon,* 249 NY 458, 464). This is a sensitive and inflexible rule which bars self-dealing and mandates the avoidance of situations where the partner's personal interest may conflict with the partnership's interest *(see, Birnbaum v Birnbaum, supra; Matter of Ryan,* 291 NY 376, 407). Guided by these principles, we conclude that acting under the fee-sharing agreement without the consent of the remaining partners would constitute a breach of fiduciary duty by the parties, as it would constitute self-dealing by the parties in violation of their fiduciary obligations. It is undisputed that the signatures of the remaining partners consenting to the fee-sharing agreement were never obtained. Accordingly, the agreement is unenforceable.

The plaintiffs' third cause of action sounding in fraud does not make out a cause of action as the only allegations of fraud therein relate to the alleged breach of a contract *(see, Zaug v Dwyer/Berry Constr. Corp.,* 152 AD2d 565; *Kotick v Desai,* 123

AD2d 744; *Spellman v Columbia Manicure Mfg. Co.*, 111 AD2d 320).

In view of our determination, we do not reach the appellant's remaining contentions. Thompson, J. P., Harwood, Lawrence and Rosenblatt, JJ., concur.