■ Allen R. Dorkin et al., Respondents, v J. Leonard Spodek, Appellant. [607 NYS2d 951] —In an action, inter alia, for a judgment declaring that the defendant is not a general partner of the plaintiff Park Properties Development Associ-

ates, the defendant appeals (1) from an order of the Supreme Court, Kings County (Goldman, J.), dated July 22, 1991, which denied his motion for summary judgment, and (2) as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Goldman, J.), entered January 25, 1991, as struck his answer, affirmative defenses, and counterclaim, and granted the plaintiffs' application for a default judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment as matters which necessarily affected the final determination and which were the subject of contest in the Supreme Court (see, James v Powell, 19 NY2d 249, 256, n 3; Grande v Grande, 129 AD2d 612; Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 110 AD2d 742; Katz v Katz, 68 AD2d 536, 540-541; see also, CPLR 5501 [a] [1]).

The Supreme Court properly denied the defendant's motion for summary judgment (see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 386; Schneidman v Tollman, 190 AD2d 524, 525; Matter of New Haven Plaza Assocs., 134 AD2d 596, 597; Koeppel v Schroder, 122 AD2d 780, 783).

The defendant's request for a two-week adjournment of the trial was properly denied. The defendant, in violation of a judicial subpoena, intentionally failed to appear to continue his testimony at trial. Moreover, the defendant had previously been held in contempt for similar conduct (see, Matter of Grottano v Kennedy, 5 NY2d 381, 387-389; Maiello v Chrysler Corp., 150 AD2d 849).

The plaintiff subsequently moved for a default judgment, which was granted. Under the circumstances of this case, an inquest was not required after the Supreme Court granted the plaintiffs' motion (see, Mount Vernon Fire Ins. Co. v NIBA Constr., 195 AD2d 425 [Sullivan, J. P., concurring]; Levy v Blue Cross & Blue Shield, 124 AD2d 900, 902). The plaintiffs had already established a prima facie case and an inquest

would have duplicated the testimony and other evidence already received by the court.

This case is not an appropriate one for this Court to invoke its inherent power to relieve a party from a judgment in the exercise of our interest of justice jurisdiction *(see, McMahon v City of New York,* 105 AD2d 101, 105-106). The defendant admits that he willfully failed to return to court on the date set for the continuation of his trial. His only excuse was that he was afraid certain outstanding warrants for his arrest would be executed. Not only did he defy the lawful order of the trial court in this case, he violated lawful orders of other courts. To reward him for his willful defiance of court orders would undermine the lawful functioning of the courts.

The defendant's remaining contentions are not reviewable because they were not the subject of contest in the Supreme Court *(see, James v Powell,* 19 NY2d 249, 256, n 3, *supra; Katz v Katz,* 68 AD2d, at 540-541, *supra; Grande v Grande,* 129 AD2d, at 613, *supra; Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 110 AD2d 742, *supra).* Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.