JOHN HUTCHINSON, PLAINTIFF IN ERROR, v. BARNET ASHBURN, DEFENDANT IN ERROR.

1. **County Commissioners.** Two members of the board of county commissioners have no authority under the provisions of Chap. 13., Gen. Stat., to try a third member for an alleged misdemeanor.

2. ———. The board of county commissioners consists of three persons, and the entire board must sit to hear the case, although a majority may pronounce a valid judgment.

3. ———. The words "all county officers" in the first section of the act [Gen. Stat., 250]. are not from the nature of the case intended to include county commissioners.

ERROR from the district court of Franklin county.

It was an information brought by Hutchinson against Ashburn before the county commissioners, setting forth that said Ashburn, who was one of said commissioners, had been guilty of gross partiality, oppression, corruption, and habitual drunkenness. The other two commissioners assumed jurisdiction, and upon a trial rendered judgment removing said Ashburn from office. He thereupon took the cause on error to the district court. Upon a trial there the judgment was reversed at costs of Hutchinson, who brought the cause here by petition in error.

*H. S. Kaley*, for plaintiff in error, cited Dillon Mun. Corp., 55, 179, 182. Angell & Ames on Corp., Chap.

XII. *State v. Bryce*, 7 Ohio, 414. *State v. Trustees*, 5 Ind., 81. *Queen v. Sutton*, 10 Mod., 76.

*J. N. Lucas*, for defendant in error.

No brief on file.

MAXWELL, J.

Section 1, Chap. 13, Gen. Statutes (subdivision "Removal from Office," page 250), provides that all county officers, including justices of the peace, may be charged, tried, and removed from office for official misdemeanors in the manner and for the causes following:

*First.* For habitual or willful neglect of duty.

*Second.* For gross partiality.

*Third.* For oppression.

*Fourth.* For extortion.

*Fifth.* For willful (mal) administration in office.

*Seventh.* For conviction of a felony.

*Eighth.* For habitual drunkenness.

Section two provides that any person may make such charge, and the board of county commissioners shall have exclusive original jurisdiction thereof by summons.

The law of Iowa, from which this chapter of our statutes appears to have been partially copied, provides that the " district court shall have exclusive original jurisdiction thereof by summons."

At common law it was held that a corporation, in the absence of an express grant of authority, had the right to remove an officer for just cause. In *Rex v. Richardson*, 1 Burr., 525, it was held that there were three classes of offenses for which an officer might be removed.

*First.* Such offenses as have no immediate relation to his office, but are of so infamous a character as to render him unfit to discharge the duties thereof, such as the offenses of bribery, perjury, forgery, etc.; but in

order to authorize a removal in this class of cases, there must have been a previous conviction by a jury according to law.

*Second.* Such offenses as were against his oath and the duty of his office; in which cases he might be removed on trial and conviction by the corporation.

*Third.* For offenses not only against his duty as an officer, but also indictable by the law of the land. But the power to remove, unless delegated to a select body, must have been exercised by the entire corporation.

Under our statute the board of county commissioners consists of three persons. Can two members of the board try the third for an alleged misdemeanor? We think not. The entire board is constituted the tribunal, and must hear the case, although a majority may pronounce a valid judgment.

It is evident that the legislature did not intend this act to apply to county commissioners, although its terms include "*all county officers.*" That portion of the act is copied *verbatim* from that of Iowa, which provides an independent tribunal for the trial of such causes. Here, from the nature of the case, county commissioners must be excepted from the operation of the act.

As two commissioners had no authority to hear and determine the case, the judgment of the district court is affirmed; and as the commissioners had no jurisdiction, no judgment can be rendered for costs.

JUDGMENT AFFIRMED.