43  241
51   70

CHARLES G. DORSEY, APPELLEE, V. FRANCIS A. NICHOLS ET AL., APPELLANTS.

FILED JANUARY 3, 1895.   No. 5865.

1. Evidence examined, and *held* to sustain the finding of the district court.

2. Review: JURISDICTION. A defendant who has answered to the merits and submits to the jurisdiction of a court of equity cannot object for the first time on appeal in this court, on the ground that the plaintiff had an adequate remedy at law. (*Sherwin v. Gaghagen*, 39 Neb., 238.)

APPEAL from the district court of Gage county. Heard below before HASTINGS, J.

*Griggs, Rinaker & Bibb, E. E. Brown,* and *Robert Ryan,* for appellants.

*L. M. Pemberton, contra.*

POST, J.

This is an appeal from the district court of Gage county, the subject of the controversy being the line between lots 1 and 2, in block 64, in the city of Beatrice. We learn from the pleadings that there have been two surveys of said city, the first of which, or old survey, as it is designated in the record, was about the year 1857, and the new, or Smith survey, in the year 1872. The plaintiff is admitted to be the owner in fee-simple of lot 2, while the title to lot 1 is, and has long been, in the defendants and their grantors. Both lots were improved with reference to the old survey, and while the boundaries thereof were still marked by the original stakes. There is situated on lot 2 a frame store building, erected in 1869 or 1870, the east wall of which is on the line as originally marked. On lot 1 is a hotel

20

building, described in the record as the "Randall House,"
the east wall of which is on the line abutting on Sixth street,
according to the old survey, but projecting two feet or more
into the street, according to the Smith survey. The prop-
erty in dispute is the strip two feet in width between the
division lines as shown by the two surveys. The plaintiff,
it seems, had been, at the time of the Smith survey in 1872,
in the exclusive, uninterrupted, adverse possession for more
than ten years of the disputed property under a claim of
title thereto. In fact his prescriptive title at that date is
not seriously controverted. But it is alleged that in the
year 1882, the location of said line being in dispute in con-
sequence of the Smith survey, a compromise was effected
between the plaintiff acting in his own behalf, and the de-
fendant Nichols acting for himself and others jointly inter-
ested with him as owners of lot 1, whereby it was mutually
stipulated and agreed that the line established by the last
named survey should be accepted and confirmed as the true
boundary of said lots. It is further alleged that thence-
forth, until about the time of the commencement of this
action, the said line was recognized by the plaintiff as the
division between his property and that of the defendants.
The reply is a general denial. On a final hearing before
the district court there was a decree for the plaintiff in ac-
cordance with the prayer of his petition, perpetually enjoin-
ing the defendants from their threatened interference with
his possession of the strip of ground in dispute and partic-
ularly from removing or interfering with the foundations
of his building situated on said lot 2 and dismissing a cross-
petition by the defendants, in which substantially the same
relief was asked against the plaintiff. The findings of the
court are as follows:

"The court being fully advised in the premises finds for
the plaintiff, and that the said Charles G. Dorsey is and was,
at the commencement of this action, the owner of lot 2,
block 64, in the city of Beatrice, Nebraska, and of the

building situated thereon, and that said building was placed
and located on said lot where the same now stands about
the year 1869, and was located in accordance with the orig-
inal survey and plat of the city of Beatrice as the same ap-
pears of record; and that the said Charles G. Dorsey and
the grantors through whom he claims title have been con-
tinuously in the possession of the said building from the
erection of the same until the present time.   And the court
further finds that no boundary line between said lot 2, in
block 64, and lot 1, in said block 64, was ever agreed upon
or settled and determined by the agreement and consent of
said parties.   The court further finds that about the year
1882 said plaintiff, by oral license, permitted the said de-
fendant to excavate and lay a wall under the east side of
his said frame building on said lot 2 an indefinite distance
back along the line of said lot as determined by the survey
of A. B. Smith in the year 1872, and during the year 1882
said excavation was made and said wall laid for the distance
of from fifty to sixty feet southward from the north line of
said lot, and that afterwards, and without the consent of said
plaintiff, said excavation and the said wall were extended
to the south line of said lot 2; and the court further finds
that in the year 1888 said plaintiff recognized the line of
said second survey by A. B. Smith as the boundary between
said parties in laying a sidewalk along the north line of
said lot 2.

"2. The court further finds, as a matter of law, that said
plaintiff is not estopped by the license given by him as
aforesaid, nor by his recognition of said line of the survey
of 1882 in the building of the sidewalk, from asserting his
title and possession to the premises occupied by him and
covered by his frame building as aforesaid, and that the
plaintiff is the owner of said premises so occupied by him,
and that such occupancy is in accordance with the original
survey and plat of the city of Beatrice."

It is deemed unnecessary to examine the evidence at

length.   It is sufficient to say that Mr. Nichols testifies
positively to the compromise alleged, and that the wall on
the line of the Smith survey, to which reference is made in
the findings of the court, was built by the defendants in
pursuance of an express understanding with the plaintiff
that the latter was thereby relinquishing all claims either
to title or possession of said property, and that their pur-
pose in erecting the said wall was to reduce the disputed
property to possession, which purpose was known to and
acquiesced in by the plaintiff.   There is considerable evi-
dence corroborative of the above and tending strongly to
sustain the contention of the defendants.   The plaintiff on
the other hand testifies that some time in 1882 Nichols ap-
plied to him for license to excavate under his, plaintiff's,
building on lot 2 in order to secure additional space for
the storing of beer kegs by the saloon in the basement of
the Randall House adjacent thereto, and which was accord-
ingly granted on condition that the defendants would pro-
vide adequate support for the wall of his said building.
Nichols, according to the plaintiff, acting under the license
thus conferred, built an inexpensive wall of stone about
two feet west of the east wall of the plaintiff's building.
Said wall commenced at a point about fifteen feet from the
front of the lot and extended back twenty or thirty feet,
the wall of the store building being supported by wooden
posts instead of the stone foundation removed by defend-
ants.   He explicitly denies authorizing the extension of the
wall beyond the point above designated and which was nec-
essary for the accommodation of the saloon mentioned.   He
testifies also that the extension of said wall was constructed
from the east or Randall House side of the line without his
knowledge, and that he had no notice whatever of its ex-
istence or of defendant's claim of title to the premises in
dispute until about the time of the commencement of this
action.   He is also corroborated by other evidence.   The
recognition of the Smith survey, to which reference is made

in the finding, consisted in the laying of a wooden sidewalk extending from east to west in front of lot 2 and commencing at the east line thereof as established by said survey. It is not claimed that the plaintiff is by that fact alone estopped to assert whatever rights he may have to the property in controversy. It is at most a circumstance tending to support the contention of the defendants, and which was, we must assume, accorded the consideration to which it was entitled by the district court.

From a consideration of all the facts disclosed we are unable to perceive any ground for interference with the finding complained of. The rule which must govern this case has been so often asserted as to render further reference to it in this connection entirely unnecessary.

There is a further claim by the defendants, viz., that the plaintiff, on the showing made by the record, has an adequate remedy at law, and that equity is therefore without jurisdiction over the subject of the controversy. Two sufficient answers are suggested to that proposition: First, the same questions were presented by the defendants themselves in their cross-petition; and second, the objection comes too late when made for the first time as it is in this court. (See *Sherwin v. Gaghagen*, 39 Neb., 238.) The decree of the district court is accordingly

AFFIRMED.

RYAN, C., not sitting.