CHARLES W. STAHLHUT, APPELLANT, V. MIKE BAUER ET AL., APPELLEES.

FILED MARCH 17, 1897.   No. 9064.

1. **Municipal Corporations: REMOVAL OF OFFICERS: COUNCIL.** A statutory provision that the mayor and council of a city of a designated class are authorized to provide for removing officers of such city for misconduct does not clothe the council with power to remove the mayor, and any attempt to exercise such power is null and void.

2. ———: ———: INJUNCTION. Under the circumstances above indicated, the mayor is not required to wait until the council has actually ejected him from his office, but may, by injunction, prevent such removal.

3. **Review: QUESTION NOT RAISED BELOW.** A defendant who has answered to the merits and submits to the jurisdiction of a court of equity cannot object for the first time on appeal in this court, on the ground that the plaintiff had an adequate remedy at law. (*Dorsey v. Nichols,* 43 Neb., 241.)

APPEAL from the district court of Otoe county. Heard below before RAMSEY, J. *Reversed.*

The facts are stated in the opinion.

*M. L. Hayward, John C. Watson,* and *C. W. Seymour,* for appellant:

The city council acted without authority of law, and its action in attempting to remove the mayor is void. (*State v. Jersey City,* 25 N. J. Law, 530; *State v. Milwaukee Chamber of Commerce,* 20 Wis., 68; *People v. Hurlbut,* 24 Mich., 69; *Dullam v. Willson,* 53 Mich., 392; *Stockwell v. White Lake Township Board,* 22 Mich., 341; *People v. Stuart,* 74 Mich., 411; *Charles v. Hoboken,* 3 Dutch. [N. J.], 203; *Commonwealth v. Shaver,* 3 W. & S. [Pa.], 338; *State v. Hastings,* 37 Neb., 97.)

An injunction may be granted to prevent the enforcement of an invalid ordinance. (*Armitage v. Fisher,* 26 N. Y. Supp., 364, 24 N. Y. Supp., 650; *Wheeler v. Board of Fire Commissioners,* 15 So. Rep. [La.], 179; *Charles v. Hoboken,* 27 N. J. Law, 203; *South Covington & C. S. R. Co. v. Berry,* 93 Ky., 43; *Rushville v. Rushville Natural Gas Co.,* 132 Ind., 575; *Sylvester Coal Co. v. City of St. Louis,* 32 S. W. Rep. [Mo.], 649; *Deems v. City of Baltimore,* 30 Atl. Rep. [Md.], 648; *City of Austin v. Austin City Cemetery Ass'n,* 28 S. W. Rep. [Tex.], 528; *Baltimore v. Radecke,* 49 Md., 217; *Grand Island Gas Co. v. West,* 28. Neb., 852.)

*Edwin F. Warren* and *Paul C. Jessen, contra:*

A court of equity has no jurisdiction over the appointment and removal of public officers. The right to a municipal office cannot be determined by a bill in equity.

9

Stahlhut v. Bauer.

A court of equity has no jurisdiction to entertain a bill in equity, filed by the mayor, to prevent his removal from office of mayor, and cannot in such suit restrain by injunction the officers of the city. (*In re Sawyer*, 124 U. S., 200; *Cochran v. McCleary*, 22 Ia., 75; *Delehanty v. Warner*, 75 Ill., 185; *Sheriden v. Colvin*, 78 Ill., 237; *Dickey v. Reed*, 78 Ill., 261; *Hagner v. Heyberger*, 7 W. & S. [Pa.], 104; *Updegraff v. Crans*, 47 Pa., 103; *State v. Sheldon*, 10 Neb., 453; *Minkler v. State*, 14 Neb., 181; *State v. Meeker*, 19 Neb., 444; *State v. Wakeley*, 28 Neb., 431; *State v. Judges*, 35 La., 1075; *State v. Jersey City*, 25 N. J. Law, 539; *Fawcett v. Charles*, 13 Wend. [N. Y.], 473; *Evans v. Club*, 50 Pa. St., 107; *Richards v. Clarksburg*, 30 W. Va., 491; *Willard's Appeal*, 4 R. I., 597.)

RYAN, C.

This action was brought in the district court of Otoe county by Charles W. Stahlhut to restrain the councilmen of Nebraska City from depriving him of his office as mayor of that city by a trial for alleged improper exercises of the functions of his office. There are presented but two questions, and without unnecessary preliminaries we shall address ourselves to a statement and discussion of each of them. The first of these propositions involves the power of councilmen to try the mayor, and, if satisfied of the truth of the allegations against him, to remove him from office. The other proposition is based upon the assumption that the first is answered in the negative, and involves the right of the mayor, under such circumstances, to enjoin the prosecution of the proceedings instituted and in progress against him.

Subdivision 21, of section 68*, chapter 13a, article 2, Compiled Statutes, 1895, provides that the mayor and city council of any city of the class in which Nebraska City is embraced shall have certain authority. Subdivision 28 of the same section does not in terms mention who shall possess the powers therein defined, but refers back to subdivision 21 for that statement. By supplying the neces-

sary language implied in subdivision 28 that subdivision, in effect, in so far as this case is concerned, provides that the mayor and council are hereby authorized "To provide for removing officers of the city for misconduct whose offices are created and made elective by this act, and shall have power to create any office which they may deem necessary for the good government and interests of the city, and to provide for filling such vacancies as may occur in any elective office by appointment by the mayor, by assent of the council, to hold until the next general election." The appellees justify their proposed action with reference to the removal of the mayor by an ordinance by the council passed under sanction of the above statutory provision. It is noticeable that the removal which is to be provided for is to be by the mayor and council. In *Charles v. City of Hoboken*, 3 Dutch. [N. J.], 203, it was held that the power conferred upon the mayor and council to remove a water commissioner could not be exercised by the council independently of the mayor. In *Hutchinson v. Ashburn*, 5 Neb., 402, there was considered by this court section 106, chapter 13, General Statutes, which provided that, for certain enumerated causes, all county officers were subject to removal by the board of county commissioners. Acting, as claimed, under this language, two county commissioners had removed the third on account of an alleged misdemeanor. Judge MAXWELL, in the course of the delivery of the opinion of this court, said: "Under our statute the board of county commissioners consists of three persons. Can two members of the board try the third for an alleged misdemeanor? We think not. The entire board is constituted a tribunal and must hear the case, although a majority may pronounce a valid judgment. It is evident that the legislature did not intend this act to apply to county commissioners, although its terms include 'all county officers.' That portion of the act is copied verbatim from that of Iowa, which provided an independent tribunal for the trial of such causes. Here, from the nature of the case, county commissioners

must be excepted from the operation of the act." The statute in the case at bar differs from that just noted, in providing that the trial may be had by the mayor and council, instead of a board described as an entirety, but the principle which is applicable to both provisions is the same. The mayor is a necessary constituent element of the body which is to consider and pass upon the evidence, and without him the trial body is incomplete. When he is required to appear to answer to a charge he is not a part of the tribunal required to act, for if he was his vote in the negative would prevent the concurrence required to effect his removal. We are of the opinion that the members of the council have no power to remove the mayor from office, and that, therefore, the proceedings based upon the assumption of such a power are illegal and void.

It is insisted, however, by the appellees that even though the council has no authority to remove the mayor, such action cannot be prevented by injunction, and *In re Sawyer*, 124 U. S., 200, is relied upon to sustain this contention. In the case cited it was not claimed that the council and mayor were without jurisdiction to remove the police judge upon a proper showing. The injunction was obtained upon averments that the mayor and council were proceeding to try the police judge under an ordinance constituting certain previous omissions and acts sufficient grounds for his removal from office. It was held that the United States circuit court, as a court of equity, had no jurisdiction to prevent a trial being had, and this was certainly proper, for any other conclusion must have been reached on the assumption that the mayor and council, if not restrained, would unjustly exercise their powers of removal. If this happened, there was an adequate remedy at law; hence there was no justification for the interposition of a court of equity to restrain any action whatever. The case of *Delahanty v. Warner*, 75 Ill., 185, is to the same effect as *In re Sawyer, supra*. In *Sheridan v. Colvin*, 78 Ill., 237, the theory upon which

the case was decided is indicated by the following paragraph of the syllabus: "In this case it was sought to enjoin the city council of a city from enforcing an ordinance, on the sole ground that, if the ordinance was enforced, it would deprive the complainants of the functions of offices which they held in the city. Held that a court of chancery had no jurisdiction." In *Hagner v. Heyberger*, 7 W. & S. [Pa.], 104, it was sought to restrain a school director from acting as such because when elected he held another office. It was held that *quo warranto* would afford an ample remedy, and, therefore, that the injunction would not lie. In *Dickey v. Reed*, 78 Ill., 261, it was held that a court of equity should not interfere to prevent an alleged illegal canvass of election returns in progress. These cases cited by appellees afford no justification, by analogy or otherwise, for the assumption, where the members of a city council are proceeding to remove the mayor without warrant of law, that such mayor must submit to such action and test its legality by a *quo warranto* proceeding against whomsoever may assume to act as his successor in office. In *Armitage v. Fisher*, 26 N. Y. Supp., 364, it was held that the president of a city council is entitled to an injunction to restrain the council from removing him, without authority, from his office, as such removal would be an irreparable injury to him. The case of *Armitage v. Fisher*, 24 N. Y. Supp., 650, was to the same effect.

It is quite doubtful, to say the least, whether the appellees ought to be heard to assert that the mayor had mistaken his remedy, for the reasons which we shall now state. There was filed a petition and an answer in the district court. In this condition of the pleadings the plaintiff filed this motion: "Comes now the plaintiff and moves the court to enter judgment herein on the petition and answer filed." The transcript of the journal entries in this case contains this language: "And thereupon the said cause came on further to be heard upon the motion of the said plaintiff for judgment upon the petition and an-

swer filed, to which said motion the said defendants make no objection, but join therein, and the court being well advised in the premises, doth find the issues in said cause in favor of the defendants and against the plaintiff upou the said petition and answer," and there was judgment accordingly. In *Dorsey v. Nichols*, 43 Neb., 241, the following rule was laid down and enforced: "A defendant who has answered to the merits and submits to the jurisdiction of a court of equity cannot object for the first time on appeal in this court on the grounds that the plaintiff had an adequate remedy at law." (See, also, *Sherwin v. Gaghagen*, 39 Neb., 238; *Grand Island Banking Co. v. Costello*, 45 Neb., 119; *Tulleys v. Keller*, 45 Neb., 220.)

The judgment of the district court is reversed and a decree in accordance with the views above expressed will be entered in this court.

REVERSED.