■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFRED FORTE, Respondent.—Appeal, as limited by the People's brief, from so much of an order of the Supreme Court, Queens County, dated April 29, 1977, as, after a hearing on defendant-respondent's motion to suppress statements made by him, granted the motion as to certain of the statements. Order affirmed insofar as appealed from. In our opinion, the circumstances under which defendant was interrogated required that the *Miranda* warnings be given (cf. *People v Yukl*, 25 NY2d 585, cert den 400 US 851). Although the warnings were given (and tape recorded) and defendant stated that he wanted an attorney, the police turned off the tape recorder and continued to converse with him until he—in the absence of an attorney—gave incriminating statements, which were then placed on the tape recorder. The "persuading" conversation was tantamount to an interrogation (see *Brewer v Williams*, 430 US 387), and was in violation of defendant's *Miranda* right to have the interrogation cease once he had stated that he wanted an attorney (see *People v Jackson*, 41 NY2d 146). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IGNANCIOUS FUGAZZATTO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered June 16, 1976, which granted defendant's motion to controvert a search warrant and suppress the evidence seized thereunder. Order reversed, on the law, and motion denied. Under the circumstances disclosed, the warrant was properly issued. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CHRISTOPHER GALE, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered June 30, 1976, convicting him of robbery in the first degree, assault in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of assault in the first degree and grand larceny in the third degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Under the facts herein, assault in the first degree and grand larceny in the third degree are lesser included offenses of robbery in the first degree (see CPL 1.20, subd 37; *People v Grier*, 37 NY2d 847; *People Johnson*, 49 AD2d 853). The conviction of robbery in the first degree requires dismissal of the lesser included counts (see CPL 300.40, subd 3, par [b]). Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.