■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v XEROX CORPORATION, Respondent.—Petition unanimously dismissed and determination confirmed, without costs. Memorandum: In this proceeding brought pursuant to section 298 of the Executive Law, petitioner seeks a review of a determination of the State Division of Human Rights which dismissed his complaint upon a finding that there was no probable cause to believe that respondent had engaged in an unlawful discriminatory employment practice on account of race, color and creed (Executive Law, § 297, subd 2). The determination was affirmed by the State Human Rights Appeal Board. Petitioner is a member of the Jewish faith. His complaint to the division recites a series of acts and statements of his superiors which he concludes are reflective of discriminatory treatment not accorded Black and non-Jewish employees of respondent. He further asserts that when respondent laid off a large number of employees in 1975 for claimed economy reasons, he was laid off because of his religious faith. In pursuit of the complaint, the division's field representative conducted three investigatory conferences at which petitioner and respondent's representatives were present. Seven witnesses were interviewed and a large number of exhibits were received and examined. The parties were given a full opportunity to present their respective positions. The field representative made precise findings in response to each of petitioner's claims and concluded that there was no probable cause for the complaint. Accordingly, the regional director issued his determination and, on appeal, the appeal board found that the determination was not arbitrary, capricious or an unwarranted exercise of discretion (see Executive Law, § 297-a, subd 7, par e). The standard for judicial review of proceedings under the Human Rights Law is set forth in section 298 of the Executive Law. The findings are conclusive if they are "supported by sufficient evidence on the record considered as a whole". Writing for our unanimous court, Justice Witmer recently prescribed the procedure which must have been followed before a determination of no probable cause by the division will withstand review (see State Div. of Human Rights v New York State Drug Abuse Control Comm., 59 AD2d 332). That procedure was fully complied with in the case at bar. Moreover, the record demonstrates that there was a rational basis for the division's determination (see Matter of Pell v Board of Educ., 34 NY2d 222, 230-232; State Div. of Human Rights v New York State Drug Abuse Control Comm., supra; State Div. of Human Rights v Merchants Mut. Ins. Co., 59 AD2d 1054; State Div. of Human Rights v City of Syracuse, 57 AD2d 452, 455) and its findings of fact are supported by sufficient evidence (Executive Law, § 298). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.