■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL P. RIVERS, Appellant.—Judgment unanimously reversed, confession suppressed and a new trial granted. Denman, J., not participating. Memorandum: Defendant was convicted of manslaughter in the first degree. He maintains among other things that the People's failure to furnish him with his own statements contained in a tape recording violates CPL 240.20 (subd 1, par [b]) and constitutes reversible error; and that this misconduct coupled with other constitutional error mandates reversal of the conviction. Defendant was arrested at the scene of the incident and was taken into police custody where he allegedly waived his *Miranda* rights and signed a written confession. In response to defense counsel's subsequent motion for an order to compel discovery of written statements made to the police by defendant, the People forwarded defendant's written confession. No mention was made of the existence of the tape recording of the police interrogation of defendant. A *Huntley* hearing was held, at which a police officer testified that

defendant had made no request for an attorney. The court denied the motion to suppress the confession. On the second day of the trial, the District Attorney stated that the police had just given him a tape recording of their conversations with defendant on the day of the incident, which they had not previously disclosed despite the District Attorney's prior inquiries and requests. Finding a lack of "good cause", the court sustained defendant's objection and did not permit the People then to serve notice of its intention to offer the tape into evidence (CPL 710.30), and barred the introduction of the tape at trial. Later during the trial, a police officer contradicted his testimony at the *Huntley* hearing by stating that prior to giving his written confession the defendant had expressed a desire to see an attorney. The confession was then received into evidence without objection. When defense counsel questioned the officer on cross-examination concerning his prior inconsistent statement, the witness asked to confer with the court and some off-the-record discussion ensued. Defense counsel received no explanation for the officer's changed testimony, but maintains in this appeal that the officer informed the court during the colloquy that he refreshed his recollection with the tape. Defense counsel made no motion to strike the confession from the record or any other application to the court. In any event, the proof is clear that the defendant did request the assistance of counsel before he tendered his written confession. If a suspect indicates in any manner at any stage of the process of interrogation that he wishes to consult with an attorney before speaking, there can be no subsequent questioning by the police *(Miranda v Arizona,* 384 US 436; *People v Buxton,* 44 NY2d 33; *People v Jackson,* 41 NY2d 146). Statements by the accused after he has asked to see his attorney may not be used against him at trial *(People v Jackson, supra; People v Donovan,* 13 NY2d 148, 153; *People v Harper,* 27 AD2d 736; *People v Spears,* 26 AD2d 893; and see *People v Kocik,* 63 AD2d 230). Even "persuading" conversation or a subtle tactic can be deemed an unconstitutional interrogation *(People v Forte,* 59 AD2d 724; *People v Jackson, supra).* After the defendant stated that he desired to speak with an attorney, a police investigator during the interrogation said to the defendant "all we want to do is put this on paper so that everybody can see your side of the story". The defendant then acquiesced and upon more questioning by the police gave a written confession, the printed portion of which set forth the rights of the accused. The investigator's statement and the additional questioning by the police constitute an interrogation in violation of defendant's *Miranda* rights. Thus, the confession by the defendant was improperly admitted at the trial (CPL 60.45, subd 2, par [b], cl [ii]). The admission of the defendant's written confession constitutes reversible error. Although there is a substantial quantum of credible evidence to support a conviction, it cannot be said beyond a reasonable doubt that the defendant's written confession, a highly prejudicial piece of evidence, did not contribute to his conviction *(Chapman v California,* 386 US 18; *People v Almestica,* 42 NY2d 222; *People v Donovan,* 13 NY2d 148; see, also, *People v Crimmins,* 36 NY2d 230). The court is statutorily empowered to "consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant" (CPL 470.15, subd 1), even though no protest was registered at trial concerning the admission of the confession (CPL 470.15, subd 3; subd 6, par [a]; see *People v Robinson,* 36 NY2d 224, 228; *People v Cipolla,* 6 NY2d 922, 923; Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 470.15, pp 578-579). As a result of the above errors, the judgment of conviction should be reversed and a new trial

granted (CPL 470.15, subd 3, par [c]). In view of the foregoing, the court does not address itself to other issues raised in this appeal. (Appeal from judgment of Onondaga County Court—manslaughter, first degree, and another charge.) Present—Marsh, P. J., Hancock, Jr., Denman, Schnepp and Witmer, JJ.