THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DIANE JEAN JOHNSON, Appellant.

Fourth Department, February 26, 1981

APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender (Michael O'Neill* of
counsel), for appellant.

*Donald O. Chesworth, District Attorney (Stephen Brent*
of counsel), for respondent.

OPINION OF THE COURT

DILLON, P. J.

Defendant was convicted of manslaughter in the second
degree as a result of a homicide which occurred on Satur-
day, October 22, 1977. On that day the homicide was re-
ported to police by defendant and her friend, one Willie Gos-
hay, and each of them gave depositions to the police. On the
following day defendant was questioned by police for sev-
eral hours on two different occasions. She was not held in
custody, however, and she had no communication with the
police on Monday. At 1:30 P.M. Tuesday, October 25, 1977,
during a telephone conversation between her and Detective
Jackson of the Rochester Police Department, she told De-
tective Jackson, according to his testimony, "that she

was tired of being hassled by us, that she told us what she had to tell and that she was sick and tired of us bothering her and that she wanted to call a lawyer." Nevertheless, without further inquiry by him on the subject of counsel (cf. *People v Ramos*, 40 NY2d 610, 617-618), Detective Jackson told defendant that he wanted to see her again because of inconsistencies in various statements previously made by defendant. Defendant appeared at the police station at 2:30 P.M. and Detective Jackson commenced questioning her at 3:00 P.M. The interrogation culminated in defendant's written inculpatory statement which she signed at approximately 9:30 P.M.

On the *Huntley* hearing, the court found that during the telephone conversation with Detective Jackson, defendant had in fact made the comments attributed to her by him. Upon such a finding, defendant's oral and written inculpatory statements should have been suppressed. Her comments to Detective Jackson in the telephone conversation, although made in a noncustodial atmosphere, were clear assertions of her desire to say no more and to have an attorney.

It is well settled that had defendant actually retained counsel and so informed Detective Jackson, her right to counsel would have indelibly attached (*People v Arthur*, 22 NY2d 325; *People v Donovan*, 13 NY2d 148). More recently, it has become clear that there is no sound reason for distinguishing between a represented person, and a nonrepresented person who requests counsel. "[I]t makes little sense to say that * * * an individual who has not yet secured an attorney but who has nonetheless requested the services of one can subsequently make an informed and voluntary decision to waive his rights without the advice of a lawyer". *(People v Cunningham*, 49 NY2d 203, 209; see *People v Marrero*, 51 NY2d 56.) Nor is it any longer determinative that defendant was not in custody when she made known her desire to stand mute and to retain counsel. That circumstance does not foreclose invocation of the rule of unwaivability in the absence of counsel (*People v Skinner*, 52 NY 2d 24).

It is not necessary to decide here whether a noncustodial

request for counsel may become attenuated by passage of time or other factors. For all practical purposes, the police interrogation of defendant was uninterrupted; the entire sequence of events was compressed into a four-day time frame and police inquiry of defendant was persistent. Defendant's request for counsel was made but an hour and a half before questioning began. It is clear in the context of this case that prior to that interrogation defendant had expressed her own view that she was not competent to deal with the authorities without legal advice. "Once an individual expresses the need for counsel he or she stands in the same position as one who has obtained the aid of an attorney and the State may not thereafter seek a waiver in the absence of counsel." *(People v Skinner,* 52 NY2d 24, 29, *supra;* see, also, *People v Cunningham,* 49 NY2d 203, *supra.)*

In light of the well-established rule that a waiver of the right to counsel, to be effective, must be competent, intelligent and voluntary *(People v Hobson,* 39 NY2d 479, 484), the assertion of the right in a noncoercive atmosphere must take precedence over a claimed waiver of the right a short time later in a police station. Thus viewed, it follows that defendant's oral admission and written confession were obtained in violation of her right to counsel. Consequently, they were impermissibly received into evidence against her.

The judgment of conviction should be reversed and a new trial granted.

CALLAHAN, J. (dissenting). We dissent and would affirm the judgment of conviction; there is no precedent for the majority position. The majority bestows the right to counsel beyond the present requirements of established principles. While we recognize that once a defendant invokes the right to counsel, police may no longer interrogate in the absence of counsel and a subsequent waiver of the rights outside the presence of counsel cannot be given legal effect *(People v Cunningham,* 49 NY2d 203; *People v Byers,* 71 AD2d 77); such is not the case here. Nothing which transpired in this record can convert a mere reference in a telephone conversation to a personal request when confronted with police interrogation. Defendant was at all times com-

pletely free in her own household and without any restraints to pursue any action or activities she desired. There was no request by her to a police officer nor any denial on their part of any right to this defendant.

Upon our review of the record, defendant's noncustodial telephone discussion with the police that she was "sick and tired of [the police] bothering her and that she wanted to call a lawyer" was not an unequivocal assertion that she was requesting the assistance of counsel (see *People v Cunningham, supra*). Defendant's reference to an attorney in her telephone conversation with the police in the noncoercive atmosphere and security of her house is obscure and at most manifested a desire on defendant's part to consult with an attorney (see *People v Hardy*, 73 AD2d 830, 831). This is not sufficient for defendant's "indelible" right to counsel to attach *(People v Byers, supra)*.

Nothing in the Court of Appeals recent holding in *People v Skinner* (52 NY2d 24) compels the result reached in the majority opinion. In that case, although the police questioning was noncustodial, it was done with full awareness that defendant was represented by counsel specifically on the matter under investigation and after defendant's attorney had instructed the police not to question defendant in his absence.

The majority opinion distorts the principle and imposes an undue burden and restriction upon proper investigation of criminal activity within established constitutional criteria.

SIMONS and HANCOCK, JR., JJ., concur with DILLON, P. J.; CALLAHAN and MOULE, JJ., dissent and vote to affirm in an opinion by CALLAHAN, J.

Judgment reversed on the law and facts and a new trial granted.