■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ZAMIELA, Appellant. — Judgment reversed, on the law and facts, and a new trial granted. All concur, Cardamone, J. P., not participating. Memorandum: Defendant, convicted after trial for the crime of manslaughter, second degree, arising from the death of his four-month-old son, contends on this appeal that the court erred in failing to suppress his oral and recorded statements. The statements were made after defendant voluntarily accompanied two police officers to headquarters. At police headquarters he refused to discuss the crime, stating "he was somewhat confused and that he might possibly want a lawyer." Defendant was permitted to make three telephone calls, failing to complete any of them, and he subsequently talked privately with his priest and his wife. He refused to discuss the case with the police, however, until they advised him, after approximately three hours, that he was under arrest for manslaughter. Defendant then blurted out that he had not intended to kill the baby but that he had beaten and punched it. After receiving his *Miranda* warnings, he gave a full statement of his conduct to police. Defendant's statement that he "might possibly need a lawyer", followed by his three unsuccessful telephone calls and his consistent refusal to inculpate himself after meetings with his priest and wife, evinced a clear election to invoke his right to counsel. Accordingly, his subsequent waiver in the absence of counsel was ineffective and the statements should be suppressed (see *People v Cunningham,* 49 NY2d 203; *People v Johnson,* 79 AD2d 201). (Appeal from judgment of Erie Supreme Court, Kasler, J. — manslaughter, second degree.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.