■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v GENESEE HOSPITAL et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding pursuant to section 298 of the Executive Law, petitioner seeks an order annulling the decision of the Human Rights Appeal Board which affirmed the decision and order of the State Division of Human Rights dismissing her complaints, which alleged that respondent hospitals retaliated against her, in violation of subdivision 7 of section 296 of the Executive Law. The commissioner's findings of fact must be deemed conclusive since they are supported by sufficient evidence on the record considered as a whole (Executive Law, § 298; *State Div. of Human Rights v City of Syracuse,* 57 AD2d 452, affd on opn below 43 NY2d 958). The record amply supports the finding that the decision of St. Mary's Hospital not to hire petitioner was a business decision unrelated to petitioner's human rights complaint against Genesee Hospital. Also, the commissioner did not act improperly in crediting the testimony of the Genesee Hospital representative, as opposed to the testimony of petitioner and the inferences petitioner draws from the other evidence in the case. The commissioner, and not the appeal board or this court, weighs the evidence and chooses between conflicting testimony (see. *Matter of Collins v Codd,* 38 NY2d 269, 270). The conclusion of the commissioner that Genesee Hospital provided [St. Mary's Hospital] a fair and true evaluation of petitioner as an employee and that the references to petitioner's skills and traits were not retaliatory may be "extracted reasonably — probatively and logically" from the proof within the whole record which establishes a rational basis for the finding of fact (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). "[T]he commissioner's decision must prevail if it is supported by substantial evidence and it is supported by substantial evidence as long as it rests upon 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'. The choice of which conflicting evidence to accept lies with the commissioner and his finding is supported by the evidence 'and is conclusive where others might reasonably make the same choice'" (*State Div. of Human Rights v City of Syracuse,* 57 AD2d 452, 455, *supra*). (Proceeding pursuant to Executive Law, § 298.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.

■ GASPARE A. ALFANO et al., Individually and as Partners of Neuroscience Associates, Inc., et al., Respondents, v BLUE SHIELD OF WESTERN NEW YORK, INC., Appellant. — Judgment unanimously affirmed, with costs, for the reasons stated at Trial Term, Johnson, J. (Appeal from judgment of Erie Supreme Court, Johnson, J. — claims against Blue Shield — CT scanner serv.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ZAMIELA, Appellant. — Motion for reargument granted and, upon reargument, ordering paragraph of remittitur order entered October 30, 1981 [84 AD2d 675] amended to read as follows: It is hereby Ordered, That the judgment so appealed from be and the same hereby is reversed, on the law and facts, the motion to suppress is granted and a new trial is granted. All concur, Cardamone, J. P., not participating. Memorandum, which is hereby made a part hereof. Present — Simons, J. P., Hancock, Jr., Doerr and Schnepp, JJ. [84 AD2d 675.]