■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNATIUS FUGGAZZATTO, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered September 30, 1976, convicting him on indictment No. 5172/72 of criminal possession of stolen property in the first and second degrees, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered March 14, 1978

convicting him on indictment No. 1158/73 of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence to run concurrently with the previously imposed sentence on indictment No. 5172/72. Judgment rendered September 30, 1976, reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Judgment rendered March 14, 1978, affirmed. Defendant was arrested on May 11, 1972 and charged by felony complaint No. K19996 with criminal possession of stolen property in the first degree, namely, previously hijacked men's shirts. Police officers had observed defendant transporting objects in a hamper from a warehouse on Bedford Avenue, in Brooklyn, and loading them on a green panel truck which defendant then drove to another location, a garage at the rear of premises on Glenwood Road, where he unloaded the truck. Based upon further police investigation and information furnished by a person associated with United Parcel Service, the police then obtained a warrant to search the Bedford Avenue warehouse wherein they found, among other items, photographic and electronic equipment which constituted the proceeds of a prior hijacking in Queens County. Defendant was arrested on May 17, 1972 and charged with criminal possession of stolen property in the first degree by felony complaint No. K20853. On August 10, 1972, the two felony complaints were "dismissed for lack of prosecution". On February 15, 1973, two indictments were filed. The first, Kings County indictment No. 5172/72, charged defendant and a codefendant with one count of criminal possession of stolen property in the first degree (wearing apparel) and one count of criminal possession of stolen property in the second degree (appliances), both allegedly committed on May 11, 1972. The second, Kings County indictment No. 1158/73, was based on the charges underlying the May 17, 1972 arrest and charged defendant with two counts of criminal possession of stolen property in the first degree and criminal possession of stolen property in the second degree, including, *inter alia,* photographic equipment and merchandise owned by American Sponge and Chamois Company. Upon the filing of these indictments on February 15, 1973, bench warrants were issued for defendant's arrest. They were not delivered to the central warrant squad for processing until August 3, 1973. The first attempt to execute the warrants occurred on August 30, 1973, when Officer Marino of the Kings County Warrant Squad went to defendant's mother's home, where he spoke to defendant's sister, who told the officer that defendant had moved but that she would get in touch with him and give him a message. Approximately two months later, on October 29, 1973, Officers Letz and Scully, also of the warrant squad, went to the same residence where they spoke to defendant's mother. She told the officers that defendant had moved out about two or three months previously and she did not know his current address or where he was employed. The two warrants were finally executed on about April 10 or 11, 1975, when defendant surrendered to the police after learning from Federal authorities of the outstanding State warrants. Following a hearing, defendant's application to dismiss both indictments on speedy trial grounds pursuant to CPL 30.20 and 30.30 was denied. However, the court did grant defendant's motion to controvert a search warrant and suppress the evidence obtained thereunder from the Bedford Avenue warehouse, which evidence formed the basis of indictment No. 1158/73. The two indictments, which had previously been consolidated, were then severed, and indictment No. 5172/72 was moved to trial. Defendant was convicted of criminal possession of stolen property in the first and second degrees, upon a jury verdict, and was sentenced on September 30, 1976 to concurrent indeterminate prison terms having a maximum of five and four years, respectively. In the interim, upon appeal by the People, this court, by decision rendered on October 11,

1977, reversed the order which had granted defendant's motion to controvert a search warrant and suppress the evidence seized thereunder (*People v Fugazzatto*, 59 AD2d 724). Thereafter, on January 22, 1978, defendant pleaded guilty to one count of criminal possession of stolen property in the second degree in full satisfaction of all three counts of indictment No. 1158/73. The court promised defendant that the sentence to be imposed would run concurrently with the sentence previously imposed, and on March 14, 1978, defendant was sentenced to an indeterminate term of imprisonment having a maximum of four years, to run concurrently with the sentence imposed on indictment No. 5172/72. Among the issues raised by defendant on this appeal is that of an approximate six and one-half month postindictment delay between February 15, 1973, the date on which, *inter alia*, indictment No. 5172/72 was filed, and August 30, 1973, the date on which an attempt was first made to execute the bench warrant. It is the People's position that the period from March, 1973 onward must be excluded pursuant to CPL 30.30 (subd 4, par [c]), because defendant's location was unknown and he was attempting to avoid prosecution. This State's policy that every accused is entitled to a speedy trial is embodied in CPL 30.20 (subd 1) and in the time periods prescribed by CPL 30.30 (see *People v Berkowitz,* 50 NY2d 333, 348). A motion to dismiss on statutory speedy trial grounds must be granted where the People are not ready for trial within six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony (CPL 30.30, subd 1, par [a]). In computing the six-month period within which the prosecution must be ready for trial, certain time periods are excludable (CPL 30.30, subd 4). Thus, delay due to a defendant's absence or unavailability must be excluded. "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30, subd 4, par [c]). Once a defendant has demonstrated the existence of a delay in excess of six months, the burden falls upon the People to prove that certain periods within that time are excludable (*People v Berkowitz,* 50 NY2d 333, 349, *supra*) and the mere allegation of absence or unavailability is insufficient (*People v McCaffrey,* 78 AD2d 1003). Further, the prosecution must demonstrate that the delay in proceeding to trial was a result of the defendant's absence from the jurisdiction (*People v Sturgis,* 38 NY2d 625). In the case at bar, defendant admittedly moved from his residence in Brooklyn (where his mother and sister also lived), to live in Las Vegas, Nevada, in March, 1973, approximately one month after the filing of the indictment, but stated that he was unaware of the indictment, the felony complaints against him having been dismissed on August 10, 1972. However, defendant's absence from the jurisdiction did not occasion the delay between indictment and the State's first attempt, some six and one-half months later, to contact defendant. Absent explanation by the People, the period during which the bench warrant was outstanding was not excludable (cf. *People v McCaffrey,* 78 AD2d 1003, *supra*). Indeed, by an affidavit which was submitted on behalf of the People and incorporated into the record of the speedy trial hearing, the People concede that, were it not for defendant's absenting himself from the jurisdiction, the delay between indictment and receipt of the warrant by the central warrant squad is unexplained and would be chargeable to the People. Additionally, we observe that any delay in executing the warrant once it was received by the central warrant squad is also chargeable to the People, for it is the District Attorney's responsibility to be cognizant of the progress of a particular case (see *People v Sims,* 59 AD2d 546). Accordingly, defendant's motion to dismiss indictment No. 5172/72 was improperly denied and the judgment rendered September 30, 1976 must, therefore, be reversed and the indictment dismissed. While conced-

ing that generally a plea of guilty constitutes a waiver of any claim for relief under CPL 30.30 (see *People v Suarez,* 55 NY2d 940; *People v Friscia,* 51 NY2d 845), defendant argues that as the court at the time of the plea promised that the sentence imposed would run concurrently with the earlier imposed sentence, the plea should be vacated upon reversal of the earlier conviction because the plea was "inextricably intertwined" with his conviction after trial (citing, *inter alia, People v Rogers,* 48 NY2d 167; *People v Clark,* 45 NY2d 432; *People v Schaaff,* 77 AD2d 607). We cannot agree and conclude, based upon a review of the record, that the instant plea was not so inextricably intertwined with defendant's conviction after trial that vacatur is mandated (see *People v Lowrance,* 41 NY2d 303). In view of our disposition of the appeal from the judgment rendered September 30, 1976, we do not reach the other contentions relating to indictment No. 5172/72 raised by defendant. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.