■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ESPOSITO, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 14, 1984, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant pleaded guilty to sodomy in the first degree in a negotiated plea to one count of a multicount indictment. Defendant's motions to suppress oral and written statements made to police as well as the property seized from his cabin were denied by County Court after a suppression hearing.

On this appeal, defendant contends that his suppression motions were improperly denied in that the police violated his right to counsel. During police interrogation, defendant at one point had said, "I might want a lawyer." He urges that this language constituted an unequivocal request on his part for the assistance of counsel. It is also urged that the police officer's actions coerced him from pursing his right to an attorney and were in violation of the officer's obligation to scrupulously honor defendant's request for counsel as enunciated in *People v Stroh* (48 NY2d 1000), *People v Zamiela* (84 AD2d 675, *mod* 85 AD2d 899) and other relevant authorities.

We conclude that, standing alone, defendant's statement might ordinarily constitute the invocation of the right to counsel. However, defendant's statement, when considered in light of all the attendant circumstances, was equivocal. We note that defendant declined a proffered opportunity to phone counsel immediately after he had said, "I might want a lawyer." He also expressed a desire to continue with the interview. The police thereupon informed defendant that he was free to stop the interview at any time and call an attorney. Defendant did not avail himself of the use of the phone nor did he request that further questioning be curtailed. Under the totality of the circumstances here extant, we find that defendant waived his right to counsel.

We also find that the police officer's reference to the effect of further proceedings on the young victim did not constitute coercive tactics such as to overwhelm defendant's free choice to elect to waive his right to counsel *(see, People v Tarsia,* 50 NY2d 1).

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.